UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL JACKSON,

       Plaintiff,                   Case No. 2:15-cv-14253
                                         District Judge Paul D. Borman
v.                                      Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION FOR AUTHORIZATION OF
ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) (DE 16)**

**I.    RECOMMENDATION**: For the reasons that follow, it is **RECOMMENDED** that the Court enter an order **GRANTING** Plaintiff's counsel's motion for authorization of $9,732.50 in attorney fees pursuant to 42 U.S.C. § 406(b) (DE 16) and **REQUIRING** Plaintiff's counsel to return to Plaintiff the $4,488.00 counsel received in accordance with the EAJA.

**II.    REPORT**

    **A.    Introduction**

    Plaintiff, Cheryl Jackson, commenced this action in federal court to appeal a final administrative decision denying her claim for social security disability insurance (DI) benefits. (DE 1.) On July 8, 2016, the Court entered an order

remanding the case under Sentence Four per the parties' stipulation. (DE 13.) Judgment was entered the same day. (DE 14.) On July 15, 2016, Judge Borman entered a stipulation and order for an award of attorney fees under the Equal Access to Justice Act (EAJA) in the amount of $4,488.00. (DE 15.)

### B. Instant matter

Currently before the Court is Plaintiff's counsel's October 26, 2017 motion for authorization of attorney fees pursuant to 42 U.S.C. § 406(b), regarding which the Commissioner has filed a response. (DEs 16, 18.) Judge Borman has referred this motion to me for entry of a report and recommendation. (DE 17.)

### C. Discussion

Plaintiff's counsel seeks an award of $9,732.50 under 42 U.S.C. § 406(b). (DE 16.) The Commissioner responds that she "has no objection to a reasonable award of fees to Plaintiff's attorney, pursuant to 42 U.S.C. § 406(b)," provided "it does not exceed $9,732.50." (DE 18 at 3-4.) Thus, it is clear that the Commissioner does not oppose the amount sought.[1]

---

[1] Plaintiff's counsel's fee agreement is for "twenty-five percent (25%) of . . . past-due benefits . . . ." (DE 16-2.) Counsel claims the past-due amount was $38,913.00 (DE 16 at 1 ¶ 2), twenty-five percent of which is $9,728.25. However, the October 2, 2017 SSA notice indicates that, through September 2017, Plaintiff was due $29,180.50 (DE 16-1), twenty-five percent of which is $7,295.13. This apparent discrepancy was discussed during an April 9, 2018 telephonic hearing, during which AUSA Ronald W. Makawa explained that, due to a wrinkle with the amount due for September 2017, the past-due amount was actually $38,930, twenty-five percent of which is $9,732.50. This is consistent with the amount

However, citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002), the Commissioner asks the Court to "order Plaintiff's attorney to return the lesser of the fees he receives in accordance with 42 U.S.C. § 406(B) and the EAJA to Plaintiff." (DE 18 at 4.) *See also Wolfe v. Colvin*, No. CV 14-11397, 2016 WL 7650793, at *1 (E.D. Mich. Dec. 30, 2016) (Stafford, M.J.) ("his award should be reduced by $3,937.50 [31.50 hours at $125 per hour] due to his failure to apply for attorney fees pursuant the Equal Access to Justice Act (EAJA)."), *report and recommendation adopted sub nom. Wolfe v. Comm'r of Soc. Sec.*, No. 14-11397, 2017 WL 467495 (E.D. Mich. Feb. 3, 2017) (Berg, J.). Indeed, Plaintiff has already represented that "the EAJA fee will be returned to the Plaintiff when [the 42 U.S.C. § 406(b)] fees are approved." (DE 16 at 1.) Here, too, the parties are in agreement.

### D.    Conclusion

Accordingly, the Court should enter an order **GRANTING** Plaintiff's counsel's motion for authorization of $9,732.50 in attorney fees pursuant to 42 U.S.C. § 406(b) (DE 16) and **REQUIRING** Plaintiff's counsel to return to Plaintiff the $4,488.00 counsel received in accordance with the EAJA.  No later

---

reportedly withheld by the SSA. (DE 16-1 at 2.) Plaintiff's attorney, Theodore A. Norwood , III, agreed with this calculation. The respective counsel thus clarified on the record their agreement that $9,732.50 is the proper amount.

3

than **Wednesday, May 9, 2018,** counsel for the parties SHALL file notices of compliance with these directives.

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  April 9, 2018    s/Anthony P. Patti
                                         Anthony P. Patti
                                         UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on April 9, 2018, electronically and/or by U.S. Mail.

                                         s/Michael Williams
                                         Case Manager for the
                                         Honorable Anthony P. Patti